UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M.,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. C22-79-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

    Plaintiff David M. seeks review of the denial of his application for Supplemental Security Income. He contends the ALJ erroneously rejected his testimony and consequently assessed a residual functional capacity that did not include all his limitations and erroneously found he could perform other work at step five. Dkt. 10. The Court agrees and therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is currently 50 years old, has at least a high school education and has worked as a groundskeeper. Tr. 48. In January 2019, he applied for benefits, alleging disability as of November 1, 2018. Tr. 232. After his application was denied, the ALJ conducted a hearing and, on January 29, 2021, issued a decision finding plaintiff not disabled. Tr. 38-50. As the Appeals

Council denied plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; that he had the following medically determinable severe impairments: migraines versus cluster headaches, degenerative disc disease, depression, anxiety, post-traumatic stress disease (PTSD), and chronic obstructive pulmonary disease (COPD); and that these impairments did not meet or equal the requirements of a listed impairment. Tr. 40-41. The ALJ found that plaintiff had the residual functional capacity to perform light work with postural and environmental limitations, a limitation to simple instructions and simple work, limitations on social interactions, and limitations on changes in the work setting. Tr. 43. The ALJ found that plaintiff could not perform his past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff could perform, he was not disabled. Tr. 48-49.

### DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

A. **Plaintiff's testimony**

Plaintiff argues that the ALJ erred in rejecting his testimony about his symptoms and limitations and that for this reason the RFC finding fails to include all of plaintiff's exertional and non-exertional limitations. Dkt. 10 at 3. Where, as here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A single conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

Here, the ALJ assessed plaintiff's testimony as follows: "As for the claimant's statements about the intensity, persistence, and limiting effects of his or her [sic] symptoms, they are inconsistent because objective imaging or testing and physical examinations reflect greater physical functioning and the level of mental health treatment and mental status examination findings reflect greater mental functioning." Tr. 44. The ALJ followed this statement with a summary of the medical evidence pertaining to each of plaintiff's impairments. Tr. 44-46.

Plaintiff asserts that this is the only reason the ALJ gave to reject plaintiff's testimony and that this general and conclusory statement is insufficient to reject plaintiff's testimony. Dkt. 10 at 6. The Court agrees. The ALJ may consider a lack of supporting objective medical evidence when evaluating a claimant's testimony, but this cannot be the sole reason an ALJ discounts such testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, a lack of support in the medical evidence was the only reason the ALJ articulated to discount plaintiff's testimony. This is sufficient to establish error in the ALJ's assessment of plaintiff's testimony.

Moreover, although the ALJ followed this finding with a summary of the medical evidence, the ALJ failed to identify which of plaintiff's statements the ALJ found not credible, made no connections between the evidence and plaintiff's testimony, did not identify any inconsistencies between the evidence and plaintiff's testimony. And, contrary to the ALJ's conclusory assertions, even a brief review of the evidence the ALJ discusses reveals that much of it is, on its face, entirely consistent with plaintiff's testimony.

For example, with respect to plaintiff's migraines, the ALJ found that plaintiff had a history of migraines or cluster headaches. Tr. 44 (citing Tr. 363, 396, 421). Clusters of headaches could last up to four months and occurred about twice a year; during a cluster he had two to three headaches, each lasting 45 minutes to an hour. *Id* (citing Tr. 402, 421, 486, 595). His headaches were associated with nausea, vomiting, and photophobia. *Id.* He experienced some relief with Sumatriptan injections; he generally used Sumatriptan twice a month, which was acceptable to him as his headaches were better than they previously had been.[2] *Id.* He also experienced

---

[2] Sumatriptan is the generic version of Imitrex, and the parties use the terms interchangeably in the hearing testimony and the decision. *See* Imitrex: Uses, Dosage, Side Effects & Warnings, https://www.drugs.com/imitrex.html (last visited July 1, 2022).

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

headache relief with high-dose oxygen and was advised to quit smoking. *Id.* (citing Tr. 403, 528).

Plaintiff testified that a headache cycle can last anywhere from three weeks to four months, that his headaches last from 10 to 45 minutes, and that he has three or four headaches a day during a cycle. Tr. 85. He testified that he uses Imitrex injections to treat his headaches, he is allowed to take two injections per 24-hour period, and he receives six injections per month from his insurance. Tr. 84-85. He testified that the Sumatriptan is helpful, he just wishes he was able to use it more often. Tr. 86. However, he is unable to do so because it could cause a heart attack if he took too much of it. *Id.*

If anything, the ALJ's recitation of the medical records bolsters plaintiff's testimony about his headaches. Merely describing medical records that contain notations that track almost word for word plaintiff's testimony does not support a finding that plaintiff's testimony was inconsistent with the medical evidence.

The ALJ followed a similar pattern with plaintiff's other impairments, including his back impairment, his COPD, and his mental impairments. Tr. 44-46. The ALJ summarized evidence related to each of these impairments. However, as with the ALJ's assessment of plaintiff's headaches, the ALJ merely described the treatment notes and findings without making any connection to plaintiff's testimony, identifying any inconsistencies between the objective evidence and plaintiff's testimony, or explaining why she found the testimony not credible.

In response, the Commissioner also provides a summary of the medical evidence that tracks the ALJ's. Dkt. 11 at 5-9. Along with this summary of the evidence, the Commissioner asserts that various reasons support rejecting plaintiff's testimony, including that he received conservative treatment for his back pain, that he continued to smoke despite doctors'

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

recommendations to quit, that he received minimal treatment for his mental impairments, and that mental health treatment relieved his symptoms. *Id.* But the ALJ did not articulate any of these reasons for rejecting plaintiff's testimony. The Commissioner's assertions are therefore improper post-hoc rationalizations that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

The Commissioner also asserts the ALJ discussed "factors" that were "sufficiently specific to show the ALJ did not arbitrarily reject Plaintiff's testimony." Dkt. 11 at 10. Presumably, the Commissioner refers here to the factors she identified in the preceding discussion. However, as the Court has already noted, the ALJ did not identify these factors and the Court cannot rely on them to affirm the ALJ.

The Commissioner also asserts that the ALJ's opening statement to the findings of fact and conclusions of law section of the decision—"After careful consideration of the entire record, the undersigned makes the following findings"—is evidence that the ALJ did not rely solely on the lack of supporting objective evidence to discount plaintiff's testimony. Dkt. 11 at 10 (citing Tr. 40). But this boilerplate statement is insufficient to remedy the failure to provide clear and convincing reasons to discount plaintiff's testimony later in the decision. The Commissioner's efforts to manufacture valid reasons for discounting plaintiff's testimony fall flat. The ALJ's assessment of plaintiff's testimony failed to provide even one clear and convincing reasons for rejecting it. This was legal error.

The Commissioner asserts, however, that any error in the ALJ's assessment of plaintiff's testimony is harmless, arguing that the Court can reasonably discern the ALJ's reasons for discounting it. Dkt. 11 at 10. An error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination, *Molina*, 674 F.3d at 1122, or if, despite the error, the

agency's path may reasonably be discerned, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, a clear statement of the agency's reasoning is necessary because a reviewing court can affirm the agency's decision to deny benefits only on the grounds invoked by the agency. *Brown-Hunter*, 806 F.3d at 492. Where an ALJ fails to specify reasons for rejecting claimant testimony, a reviewing court is unable to review those reasons meaningfully without improperly substituting the court's conclusions for the ALJ's or speculating as to the grounds for the ALJ's conclusions. *Id.* Because the court cannot engage in such substitution or speculation, such error is usually not harmless. *Id.*

In this case, contrary to the Commissioner's assertions, the ALJ's conclusory statement followed by a summary of the evidence leaves no path for the Court to follow to discern the ALJ's reasoning. The ALJ made only a general statement that plaintiff's testimony was inconsistent with the medical evidence without providing any reviewable reasons why she found the testimony to be not credible. The ALJ made no connections to plaintiff's testimony, did not identify any inconsistencies between that evidence and the testimony, and failed to give any other reasons for discounting the testimony. Providing a summary of the medical evidence in support of an RFC finding is not the same as providing clear and convincing reasons for discounting a claimant's testimony. *Brown-Hunter*, 806 F.3d at 494. The Court finds that the ALJ's failure to give even a single clear and convincing reason to discount plaintiff's testimony was harmful legal error.[3]

---

[3] In a footnote, plaintiff argues that the ALJ failed to provide valid reasons to discount the opinion of examining psychiatrist Ashley Crawford, Psy.D. Dkt. 10 at 17, n. 4. One reason the ALJ gave for finding Dr. Crawford's opinion not persuasive was that her opinion was partially based on plaintiff's headaches. Tr. 45. Plaintiff argues that the ALJ's error in assessing plaintiff's testimony about his headaches undermines this reason for rejecting Dr. Crawford's opinion. Dkt. 10 at 17 n. 4. Because plaintiff did not assign error to the ALJ's assessment of this opinion and makes this argument only in a footnote, the Court declines to address it. However, the Court

### B. Scope of remand

Plaintiff argues that because the ALJ improperly rejected his testimony, and because the ALJ would be required to find him disabled if that testimony were credited as true, the Court should remand this case for an award of benefits. Dkt. 10 at 17. The Court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021. The Court finds that this is not the rare case where an order directing the award of benefits is appropriate. Further administrative proceedings would be useful to determine the extent of plaintiff's limitations in light of the ALJ's reevaluation of plaintiff's testimony and the effect of that reevaluation on the ALJ's assessment of the medical and other evidence. The Court finds that remand for further administrative proceedings is appropriate in this case.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's testimony. The ALJ shall further develop the

---

notes that, to the extent the ALJ relied on the erroneous assessment of plaintiff's symptom testimony as a reason for discounting medical evidence, the reassessment of plaintiff's testimony on remand will necessitate a reevaluation of that medical evidence.

record and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 1st day of July, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge